UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF GEORGIA

SAVANNAH DIVISION

| | | |
|---|---|---|
| KEISHYA L. LOVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CV416-112 |
| VETERANS AFFIARS and BRIAN J. HAMRICK, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Proceeding *pro se*, Keishya Love, whose son's father allegedly receives a pension benefit from the U.S. Department of Veteran's Affairs (VA), claims to "have applied for a [child-support based] apportionment claim with the Atlanta Regional Benefits Office [in] November 2013." Doc. 1 at 3. After she "put up a bunch of evidence," the VA said "that they would pay [her] back retroactive," but "have not yet" done so. *Id.* The delay, she says, stems from a VA "error on the claim putting the veteran as the claimant on the case." *Id.* at 4. Love wants this Court to award her $5,145.48. *Id.* at 5.

Courts are obligated to liberally construe *pro se* complaints, but

they may not serve "as *de facto* counsel for the litigant or rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). Love hasn't given the Court much to work with. She never identifies a statutory provision that entitles her to relief, nor does she mention whether she attempted to address her concerns at an administrative level. Nevertheless, because of her *pro se* status, and in view of Fed. R. Civ. P. 15(a)'s admonition to give leave freely "when justice so requires," the Court will give Love another chance to plead her case.

This time, however, Love must identify what law entitles her to relief. That's not obvious from the face of her Complaint, and the Court will not go hunting for a provision to possibly sustain her claim. She also must allege what actions she's taken to address this matter within the VA, who Brian Hamrick is, and what he did to cause her injury. As always, however, mere conclusions that the VA or Hamrick has harmed Love, or that they violated the law, will not do. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). She must file her amended complaint within 14 days of the day this Order is served or face a recommendation of dismissal.

Finally, it is Love's burden to plead and prove jurisdiction, which in this case is doubtful.

> In 1988 Congress enacted the [Veterans' Judicial Review Act (VJRA)] "to create an opportunity for veterans to challenge VA benefits decisions, but also to assign exclusive jurisdiction over their claims to a centralized systems comprised of the BVA [Board of Veterans Appeals], the newly established CVA [Court of Veterans Appeals (now named the Court of Appeals for Veterans Claims)], and the Federal Circuit." *Beamon v. Brown*, 125 F.3d 965, 972 (6th Cir. 1977); *see* 38 U.S.C. § 7252(a) ("The [Veteran's Appeals Court] shall have exclusive jurisdiction to review decisions of the [BVA].") The VJRA provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." 38 U.S.C. § 511(a). It also specifically provides the means by which a plaintiff can challenge decisions made by the VA concerning benefits: an appeal of the Secretary's decision must first be taken to the BVA, then to the Veteran's Appeals Court, and then to the Federal Circuit. *See* 38 U.S.C. §§ 7104, 7252, 7292. Accordingly, this court lacks jurisdiction over Plaintiff's benefits claim. *See* 38 U.S.C. § 511(a); *see also, e.g.*, *Slater v. United States*, 175 Fed. Appx. 300, 305 n. 2 (11th Cir. 2006) ("We have no jurisdiction over any decision of law or fact necessary to the provision of benefits by the Secretary to veterans or dependents or survivors of benefits." (citations omitted)); *Karmatzis v. Hamilton*, 553 Fed. Appx. 617, 618-19 (7th Cir. 2014) ("The circuits unanimously agree that the VJRA divests the federal courts of jurisdiction to review lawsuits challenging individual veteran's benefits decisions.") (collecting cases).

*Walton v. Vet. Admin.*, 2016 WL 2731690 at * 4 (N.D. Ala. May 11, 2016).

Love, who lists a non-prison address, also seeks leave to file this case *in forma pauperis* (IFP). Doc. 2. The Court is not satisfied with

3

her indigency affidavit. She claims $600 in biweekly income and says she received $143.00 from her father's life insurance policy after he passed away on February 16, 2016. *Id.* at 2. But she lists no expenses, dependents, or assets. Nor did she sign her affidavit under penalty of perjury. Wary of such indigency claims and cognizant of how easily one may consume a public resource with no financial skin in the game,[1] this Court demands supplemental information from dubious IFP movants. *See, e.g., Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346-48 (S.D. Ga. 2013); *Robbins v. Universal Music Group*, 2013 WL 1146865 at * 1 (S.D. Ga. Mar. 19, 2013).[2]

---

[1] "[A] litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Courts thus deploy appropriate scrutiny. *See Hobby v. Beneficial Mortg. Co. of Va.*, 2005 WL 5409003 at *7 (E.D. Va. June 3, 2005) (debtor denied IFP status where, although she was unable to find employment as a substitute teacher, she had not shown she is unable to work and earn income in other ways); *In re Fromal*, 151 B.R. 733, 735 (E.D. Va. 1993) (denying IFP application where debtor was licensed attorney and accountant and she offered no reason why she cannot find employment), cited in *In re Zow*, 2013 WL 1405533 at * 2 (Bkrtcy. S.D. Ga. Mar. 4, 2013) (denying IFP to "highly educated" bankruptcy debtor who, *inter alia*, had "not shown he is physically unable to work or earn income in other ways."); *Nixon v. United Parcel Serv.*, 2013 WL 1364107 at *1-2 (M.D. Ga. Apr. 3, 2013) (court examined income and expenses on long-form IFP affidavit and determined that plaintiff in fact had the ability to pay the court's filing fee).

[2] *See also Lister v. Dep't of Treasury*, 408 F.3d 1309, 1313 (10th Cir. 2005) (court did not abuse its discretion by denying IFP status to Social Security benefits claimant seeking judicial review of Commissioner's benefits denial; claimant, after having been specifically instructed on how to establish IFP status, failed to fill out proper forms or

Given the totality of the circumstances, it will do likewise here.³

Therefore, within 14 days from the date this Order is served, Love shall disclose to the Court the following information:

(1) What she spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance she may receive;

(2) Where she gets the money to pay for those expenses (include *all* "off-the-books" income, whether in cash or in-kind);

(3) Whether she owns any means of transportation and, if she does not, whether she has regular access to same, as owned by another (including a rental company);

(4) Whether she possesses a cellular telephone, TV set, and any home electronics equipment (include estimated value and related carrying expenses, such as carrier and subscription fees);

---

otherwise provide court with requisite financial information); *Mullins v. Barnhart*, 2010 WL 1643581 at * 1 (D. Kan. Mar, 30, 2010) (denying, after scrutinizing IFP affidavit's financial data, leave to proceed IFP on financial ability grounds).

³ Two important points must be underscored. First, proceeding IFP is a privilege, not an entitlement. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 198 (1993). And second, courts have discretion to afford litigants IFP status; it's not automatic. 28 U.S.C. § 1915(a)(1) (courts "*may* authorize the commencement" of IFP actions); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *see also Marceaux v. Democratic Party*, 79 F. App'x 185, 186 (6th Cir. 2003) (no abuse of discretion when court determined plaintiff could afford to pay the filing fee without undue hardship because he has no room and board expenses, owns a car, and spends the $250.00 earned each month selling plasma on completely discretionary items); *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (the decision of whether to grant or deny IFP status under 28 U.S.C. § 1915 is discretionary).

(5) Whether she is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(6) Whether she anticipates any future income within the next year;

(7) A list of any other cases showing an indigency-based, filing fee reduction or waiver granted by any other court (include the full case name, case number and the name of the court granting same).

Answering these points will better illuminate Love's true financial condition. In that regard, she must declare the facts she pleads to be true under penalty of perjury. If she does not use a preprinted IFP form to respond (hence, if she uses a blank sheet of paper), she must insert this above her signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1). The Clerk is **DIRECTED** to serve with this Order a blank IFP form for Love's convenience. Failure to comply with this directive will result in a recommendation of dismissal. *See Kareem v. Home Source Rental*, 2014 WL 24347 at *1 (S.D. Ga. Jan. 2, 2014).

**SO ORDERED,** this  25th  day of May, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA